IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IRAIN DIAZ GARCIA, | ) |
| *Petitioner*, | ) |
| v. | ) 1:25-cv-1712 (PTG/LRV) |
| KRISTI NOEM, *et al.* | ) |
| *Respondents*. | ) |

## MEMORANDUM ORDER

This matter comes before the Court on Petitioner Irain Diaz Garcia's ("Mr. Diaz" or "Petitioner") Petition for a Writ of Habeas Corpus. Dkt. 1. According to the Petition, Mr. Diaz is a citizen of Guatemala who has resided in the United States for twenty-six years but was recently arrested and detained by immigration officials. *Id.* ¶¶ 15, 23. Subsequently, an immigration judge ("IJ") conducted a bond hearing and ordered Petitioner's release with a $1500 bond. Despite this, immigration officials continue to detain him. Petitioner alleges that this continued detention violates his constitutional rights. This Court agrees.

On or around August 16, 2025, immigration officials allegedly detained Petitioner and placed him in immigration custody at Farmville Detention Center in Farmville, Virginia, within the Eastern District of Virginia. *Id.* ¶¶ 1, 9, 15. On August 21, 2025, the Department of Homeland Security ("DHS") issued a Notice to Appear asserting Petitioner's eligibility for removal under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). Dkt. 1-4. On September 2, 2025, the IJ granted Petitioner's motion for custody redetermination under 8 C.F.R. § 1236 and order that Mr. Diaz be released from custody under a $1,500 bond. Dkt. 1 ¶ 27. On September 3, 2025, DHS and Immigration and Customs Enforcement ("ICE") issued a notice of intent to appeal

1

the bond order, which automatically stayed the custody redetermination under 8 C.F.R. § 1003.19(i)(2). Dkt. 1-2. Immigration officials have deemed Petitioner an "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶¶ 5, 22. Accordingly, "Mr. Diaz remains in detention." *Id.* ¶ 29.

On October 7, 2025, Petitioner filed the instant Petition against Federal Respondents[1] seeking habeas relief on the automatic stay and his prolonged detention as violations of Fifth Amendment procedural and substantive due process and the INA. *Id.* ¶¶ 59-94. On October 8, 2025, the Court ordered that Petitioner shall not be removed from the jurisdiction until the Court orders otherwise and set a date for Respondents to show cause as to why the Petition should not be granted. Dkt. 3. On October 15, 2025, the Government filed its opposition, arguing that the Court lacks jurisdiction over Petitioner's INA claims and that Petitioner is subject to mandatory detention because he is "an applicant for admission" under 8 U.S.C. § 1225(a)(1). Dkt. 6 at 1-2. On October 21, 2025, Petitioner filed a reply in support of the Petition. Dkt. 7.

For the reasons set forth below, the Court grants Mr. Diaz's Petition and requires Respondents to immediately release him from custody.[2]

***Applicable Statutory Provision Under the INA***

The Petition challenges Respondents' invocation of the automatic stay under 8 C.F.R. § 1003.19(i)(2) as a violation of his rights under the Fifth Amendment. To reach that question, the

---

[1] Federal Respondents include DHS Secretary Kristi Noem; U.S. Attorney General Pam Bondi; Russell Hott, Field Office Director of Enforcement and Removal Operations in the Washington, D.C. Field Office of ICE; and Jeff Crawford, Warden of Farmville Detention Center. Dkt. 1.

[2] Because the Court is granting relief on due process grounds, it need not address Respondents' jurisdictional challenge to Petitioner's INA claims or Petitioner's argument that the automatic stay regulation is *ultra vires*. *See Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *1 n.1 (E.D. Va. Sep. 19, 2025).

Court must first address whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or discretionary detention, with entitlement to a bond hearing, under § 1226(a). *See Quispe v. Crawford*, No. 1:25-cv-1471, 2025 WL 2783799, at *4 (E.D. Va. Sept. 29, 2025).

Although their position has been rejected by numerous courts, Respondents contend that Mr. Diaz is an "applicant for admission" and therefore subject to mandatory detention under § 1225(b)(2)(A). Dkt. 6 at 8. According to Respondents, Petitioner qualifies as an "applicant for admission" because he has not been admitted into the country and "entered the U.S. without being inspected or paroled by an immigration official." *Id.* at 10. Thus, they claim his detention is lawful. On the other hand, Petitioner argues that § 1226(a) governs his detention because he has been residing continuously in the United States for over two decades. Dkt. 7 at 4; Dkt. 1-1. This is consistent with the IJ's review of Petitioner's bond request under § 1226. The Court agrees with Petitioner and adopts the same reasoning as numerous other jurists in this District and across the country who have found that § 1226 applies here.[3]

Two fellow jurists have "already explained the intricacies of §§ 1225(b) and 1226." *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025);

---

[3] Courts have similarly concluded that "§ 1226(a) applies to noncitizens without lawful status who are arrested within the country." *Quispe-Ardilles*, 2025 WL 2783800, at *4 n.12 (collecting cases); *See, e.g.. Gomes v. Hyde.* 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde,* 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis,* 2025 WL 2371588 (S.D.N.Y. Aug. 13. 2025); *Maldonado v. Olson,* 2025 WL 2374411 (D. Minn. Aug. 15. 2025); *Arrazola-Gonzalez v. Noem,* 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *J.O.E. v. Bondi,* 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Jacinto v. Trump,* 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Samb v. Joyce,* 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Dos Santos v. Noem,* 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Garcia Jimenez v. Kramer,* 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Anicasio v. Kramer,* 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Rosado v. Figueroa,* 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Orellana Juarez v. Moniz,* 2025 WL 1698600 (D. Mass. June 11, 2025); *Hernandez Nieves v. Kaiser,* 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Vasquez Garcia v. Noem,* 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Carmona- Lorenzo v. Trump,* 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Lopez-Campos v. Raycroft,* 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump,* 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

*Hasan*, 2025 WL 2682255, at *5-6. In short, Section 1225(a) states that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). "[A]pplicants for admission" are defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." *Id.* Section 1226(a), however, provides the "default rule" for detaining noncitizens "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Under § 1226(a), a noncitizen "is entitled to a bond hearing before an IJ, in which the IJ must determine whether he poses a danger to the community, and whether he is a flight risk." 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).

Respondents' argument that § 1225 applies to all immigrants without lawful status represents a novel shift in immigration agencies' approach to longstanding immigration law. *See* Dkt. 6 at 4 (invoking recent Board of Immigration Appeals ["BIA"] decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 218-19 (BIA 2025)). Courts have repeatedly emphasized that § 1225(b)(2)(A) applies to "individuals actively seeking admission into the country, and not those who have already entered," even if they are present without lawful status. *Quispe*, 2025 WL 2783799, at *5; *Hasan*, 2025 WL 2682255, at *8; *Quispe-Ardiles*, 2025 WL 2783800, at *7 (quoting 583 U.S. at 289) ("[I]n *Jennings*, the Supreme Court explained that § 1225(b) governs noncitizens 'seeking admission into the country,' whereas § 1226(a) governs noncitizens 'already in the country' who are subject to removal proceedings."). Adopting Respondents' interpretation of § 1225 would "conflict with the statute's broader structure, the Supreme Court's traditional understanding of the relationship between §§ 1225(b) and 1226(a), and decades of immigration practice." *Quispe-Ardiles*, 2025 WL 2783800, at *6; *Hasan*, 2025 WL 2682255, at *8-9.

This case is no different. Like other recent habeas petitioners in this District, Mr. Diaz has resided in the United States for over twenty years. Moreover, Respondents indicated in the Notice to Appear that Mr. Diaz was an "alien present in the United States who has not been admitted or paroled," as opposed to an "arriving alien." Dkt. 1-4; *Quispe*, 2025 WL 2783799, at *6 (finding § 1226 applies where "in the very document that charges him as removable, Respondents checked the box stating that Petitioner is 'an alien present in the United States who has not been admitted or paroled[.]'"). For all these reasons, this Court rejects Respondents' invocation of § 1225 and finds § 1226(a) to be the appropriate statutory framework.

### *Automatic Stay Provision*

On the merits, Mr. Diaz's Petition challenges the legality and constitutionality of the automatic stay provision of the federal regulations implementing 8 U.S.C. §§ 1225, 1226. Dkt. 1 ¶¶ 59-80. Pursuant to 8 C.F.R. § 1003.19(i)(2), the automatic stay provision provides that "[i]n any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination (Form EOIR-43) with the immigration court within one business day of the order." If the BIA has not acted on the appeal within 90 days of the notice of appeal, the automatic stay lapses. *Id.* § 1003.6(c)(4). If a noncitizen requests additional briefing time, the 90 days is tolled. *Id.* Once the automatic stay has lapsed, DHS may request a discretionary stay for 30 days. *Id.* § 1003.6(d). If the BIA does not act on the discretionary stay request, "the alien's release shall be automatically stayed for five business days." *Id.* During this time, DHS may refer the matter to the Attorney General, causing the stay to "expire 15 business days" later. *Id.* "All told, the automatic stay

regulation can hold an individual in custody for approximately 140 days after the IJ's initial bond determination." *Hasan*, 2025 WL 2682255, at *9.

The Court finds that Respondents' invocation of the automatic stay under 8 C.F.R. § 1003.19(i)(2) violates Mr. Diaz's substantive and procedural due process rights under the Fifth Amendment. *See id.* at *13; *Quispe-Ardiles*, 2025 WL 2783800, at *8; *Quispe*, 2025 WL 2783799, at *8-9. Substantive due process precludes an individual from being "deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. "Freedom from imprisonment lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Government detention violates the Clause unless it is ordered in a criminal proceeding with adequate procedural safeguards or a special justification outweighs the individual's liberty interest." *Id.* (cleaned up).

As in *Hasan* and *Quispe-Ardiles*, Respondents provide no special justification to deny Petitioner release on bond. *Hasan*, 2025 WL 2682255, at *10; *Quispe-Ardiles*, 2025 WL 2783800, at *8. Rather, Respondents aver that "Petitioner's due process claims fail because Petitioner lacks a fundamental right to be in the U.S." Dkt. 6 at 27. However, "the Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Additionally, Respondents have not demonstrated that Petitioner is a flight risk. Nor do Respondents allege that Mr. Diaz is a threat to public safety. Accordingly, "[t]he governmental interest in the continued detention of these least-dangerous individuals, in contravention of the order of a neutral fact-finder, does not outweigh the liberty interest at stake." *Id.* (quoting *Garcia Jimenez v. Kramer*, 2025 WL 2374223, at *4 (D. Neb. Aug. 14, 2025)). As this District concluded in *Hasan*, "[a]ny interest that the federal respondents may have in securing [Mr. Diaz's] presence at immigration proceedings has been

accounted for by the IJ's imposition of bond." *Hasan*, 2025 WL 2682255, at *10. Enforcing the automatic stay regulation here "would destroy that due process by permitting unilateral government detention," and "render[] the Immigration Judge's bail determination an empty gesture." *Id.* (quoting *Ashley v. Ridge*, 288 F. Supp. 2d 662, 668 (D.N.J. 2003)). Accordingly, the Court finds that the invocation of the automatic stay here violates Mr. Diaz's substantive due process rights.

The Court further concludes that the automatic stay regulation violates Mr. Diaz's procedural due process rights. Under *Mathews v. Eldridge*, courts evaluating procedural due process claims weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. 319, 335 (1976). All three factors weigh in Mr. Diaz's favor.

First, Petitioner "claim[s] a significant private interest in being free from the physical detention that the IJ found inappropriate." *Hasan*, 2025 WL 2682255, at *10; *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("The interest in being free from physical detention" is "the most elemental of liberty interests."). Second, "[t]he automatic stay provision creates a substantial risk of erroneous deprivation of [Mr. Diaz's] interest in being free from arbitrary confinement because invocation of the automatic stay fails to account for any individualized facts." *Hasan*, 2025 WL 2682255, at *12. The regulation "allows the government to bypass its burden of proof at bond hearings and usurp the role of the Immigration Judge." *Quispe-Ardiles*, 2025 WL 2783800, at *9 (quoting *Sampiao v. Hyde*, 2025 WL 2607924, at *7-8, 11 (D. Mass. Sept. 9, 2025)). Further, as

7

the court in *Hasan* recognized, "*any* additional procedure is valuable where, as here the only procedure required for continued detention appears to be an agency official checking a box and filing a form." *Hasan*, 2025 WL 2682255, at *11 (quoting *Herrera v. Knight*, 2025 WL 2581792, at *7 n.5 (D. Nev. Sept. 5, 2025)); *see also Quispe-Ardiles*, 2025 WL 2783800, at *9 ("[R]egulations already exist under which DHS may contest an IJ's bond determination with far less risk of error."). Third, the Court finds that the "vital public interest" of immigration enforcement does not outweigh Petitioner's private interests. Dkt. 6 at 25. In *Hasan*, the Court aptly observed that "there is an extremely compelling public interest in protecting the fundamental principles of due process. In essence, the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process. It is, in effect, no process at all." *Hasan*, 2025 WL 2682255, at *11. Accordingly, the *Mathews* factors overwhelmingly favor Petitioner's procedural due process claim.

For the stated reasons, the Court will grant Mr. Diaz's Petition. Contrary to Respondents' request, no new bond hearing is required in light of the IJ's earlier bond determination. Dkt. 6 at 29. Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner Irain Diaz Garcia be released from custody no later than 4:00 p.m. on November 7, 2025, with all his personal property, once the $1,500 bond set by the Immigration Judge has been posted; it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal,

state, or local law, or has failed to attend any properly noticed immigration or court hearing; and it is further

**ORDERED** that Respondents file a notice with the Court confirming Petitioner's release within twenty-four (24) hours of his release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Memorandum Opinion and Order to counsel of record, and close this civil action.

Entered this 6th day of November, 2025.
Alexandria, Virginia.

/s/
Patricia Tolliver Giles
United States District Judge

9